**KENTUCKY BAR ASSOCIATION CLE Commission, Complainant,**

v.

**Robert L. McINTYRE, Respondent.**

**No. 96–SC–1163–KB.**

Supreme Court of Kentucky.

Jan. 30, 1997.

*ORDER*

Pursuant to SCR 3.669, this Court finds that Robert L. McIntyre of Lexington has not shown cause for his failure to comply with the minimum continuing legal education requirements of SCR 3.661. The failure to maintain licensing requirements constitutes a serious charge for which suspension is an appropriate remedy for non-compliant members.

However, the Court has determined that suspension will not be ordered so long as McIntyre submits within twenty (20) days of the date of this Order a $2,500.00 penalty for non-compliance with the CLE requirement. Failure to submit this amount payable to the Kentucky Bar Association within such time

shall result in this Court's issuance of an Order of Suspension pursuant to SCR 3.669. A non-hardship time extension pursuant to SCR 3.667(2) will not be available for McIntyre for the educational year to end June 30, 1997, or the educational year to end June 30, 1998. Failure to meet the CLE requirement in the future will result in suspension pursuant to SCR 3.669(4).

McIntyre did not respond to any notices regarding his CLE deficiency for the year ending June 30, 1996, and he had not certified attendance at any CLE programs since his admission to the bar in June 1994. On September 5, 1996, McIntyre, who was not preregistered, appeared at the CLE program in Bowling Green. He indicated that he needed to certify his attendance to somebody immediately. After a discussion with CLE personnel, a time extension form was received by staff members at 9:37 a.m. (CST). They began to look for McIntyre in order to give him the form he needed. Efforts to find him were fruitless. Apparently he did not attend the two-day program. On September 17, McIntyre again registered on site for the program in Lexington. He apparently left and returned the following day where he was observed standing in the halls talking. On that day he turned in an attendance certificate for the full program. The CLE commission indicates that he did not attend the entire program and he later withdrew his attendance card. Finally, he did attend the Covington program and cured his deficiency for the 1996 educational year.

The CLE Commission states that this is not the first time McIntyre has disregarded CLE instructions or Supreme Court rules. In his response, McIntyre states that during January of 1996, he decided to retire from the practice of law, but later returned to remain as "of counsel" with the same firm.

McIntyre has exhibited repeated disregard for the rules and has wasted valuable time of everyone involved.

McIntyre had served as faculty on a UK CLE program on October 15–16, 1993, and requested teaching credit. His request was rejected pursuant to SCR 3.662(2)(h) as he was not a member of the KBA. He was listed in the program brochure as a partner in a Lexington firm even though he was not a member of the bar association at that time. He was also listed on firm letterhead as a partner prior to membership.

McIntyre was admitted to the Kentucky Bar Association on June 2, 1994. He had practiced in Texas since 1972. As a new KBA member, he was subject to the New Lawyers Program completion requirement pursuant to SCR 3.652. He did not complete the program nor did he apply for an exemption within the calendar year of his requirement despite numerous notices and phone calls. He was eligible for an exemption from the program as he had practiced in another jurisdiction for more than five years. He finally requested, completed and returned to the bar association the form for an exemption from the program during his 13th month of membership in the bar association, 30 days past his completion deadline.

The CLE Commission states that McIntyre has exhibited repeated disregard for the rules of this Court.

All concur.

ENTERED: January 30, 1997

/s/ <u>Robert F. Stephen</u>
Chief Justice